CALOGERO, J.,
dissenting.
The state’s principal evidence was the discovery of a fingerprint on the truck’s door latch and the victim’s testimony that his attention was drawn to the robbery by a “noise on my left hand door. He had the latch down.” The same victim’s statement given police on the date of the armed robbery was contrary, in my view. On that occasion he said he had gotten out of the truck (“had one foot on the ground”) when he was first aware of the robber who at that point asked for his money.
Defendant upon cross-examination of the witness sought production of the statement earlier given police, but was denied same. The non-disclosed statement contained exculpatory material and due process required the court and prosecutor to produce the statement. In my view had defendant been furnished this statement, there was “a reasonable likelihood” that the discovered contrary statement and its use at trial “could have affected the judgment of the jury.” And this I believe is the standard to be applied in this specific request (for Brady material) effort. Brady v. Maryland, 373 *1109 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1983); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).